774 P.2d 1371

**In the Matter of the Appeal in PIMA COUNTY DELINQUENCY ACTION NO. 79577–2.**

**No. 2 CA–JV 88–0040.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 31, 1989.

Review Denied June 27, 1989.

Harold L. Higgins, Jr., Pima County Public Defender by Regula Case, Tucson, for minor.

Stephen D. Neely, Pima County Atty. by Terry L. Chandler, Tucson, for State.

OPINION

HATHAWAY, Judge.

The juvenile was adjudicated delinquent and appeals from the trial court's finding that he violated A.R.S. § 13–3411(A)(1). The minor was charged by petition on April 29, 1988, with a violation of A.R.S. § 13–3411, unlawful possession of marijuana within 300 feet of a school, and with a violation of A.R.S. § 13–3415(A), posses-

sion of drug paraphernalia. At trial, only two witnesses testified for the state, the investigating police officer and a criminalist. The minor presented no evidence. The minor conceded below through counsel and concedes here that he had been in possession of both marijuana and paraphernalia, that he was on his high school's grounds while in possession of those items and that he was in the company of another juvenile at the time. His only contention is that no evidence was presented which would satisfy the intent requirement of A.R.S. § 13-3411, and therefore he should not have been adjudicated on a class 3 felony.[1]

A.R.S. § 13-3411(A)(1) states:

A. Both of the following are unlawful:

1. For a person to intentionally be present with one or more persons within three hundred feet of a school or its accompanying grounds to possess, use or sell marijuana.

The juvenile maintains that the legislative purpose in enacting the statute was to deter non-students from entering school grounds with the intention to either distribute or otherwise promote illegal substances. The juvenile argues that since he was intentionally present at a school in which he was regularly enrolled, and since he was present during normal school hours, he should have been charged and adjudicated for the mere possession of marijuana.

 We disagree with the juvenile's argument that if A.R.S. § 13-3411 "merely increased the penalty for unlawful possession of marijuana to a class 3 felony if committed on school grounds, the statute itself would be a redundancy, and its intent provision would be meaningless." To convict a person charged under this statute, the state must prove that the person was intentionally present with one or more persons within the designated area and intentionally possessed marijuana.[2] We reject the juvenile's argument that the state must prove that he was present with the intent to possess, use or sell marijuana. If some-

one were apprehended on school grounds in possession of marijuana but was not intentionally present with others at the time, the applicable charge would be simple possession. Likewise, as the state points out, if the minor, while with another person, were found in possession of marijuana, but the state was unable to prove that the minor had intentionally entered the designated area, simple possession would again be the applicable charge. The legislature, in enacting the statute, sought to severely punish those persons who exposed school children to drugs. We see nothing in the statute which would direct its application solely to adults or non-students.

The juvenile was properly adjudicated delinquent on both charges, and we affirm.

LIVERMORE, P.J., and HOWARD, J., concur.

---

1. He does not contest his adjudication on the possession of drug paraphernalia count, nor does he challenge the probationary disposition.

2. When apprehended, the juvenile asked the investigating officer if it was against the law to look at marijuana.