785 P.2d 591

**The STATE of Arizona, Appellant,**

**v.**

**James Luther BOWLING, Appellee.**

No. 2 CA–CR 89–0149.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 14, 1989.

Redesignated as Opinion Jan. 30, 1990.

Stephen D. Neely, Pima County Atty. by Allen McVey, Tucson, for appellant.

Michael S. Mussman, Pima County Legal Defender by Kathleen C. DuBois, Tucson, for appellee.

OPINION

PER CURIAM.

On September 2, 1988, appellee was observed by a Tucson police officer with another individual sitting in a parked vehicle snorting cocaine. He was arrested and issued citations for use of a narcotic drug and possession of marijuana. On September 13, 1988, he was indicted by the Pima County Grand Jury on one count of unlawful use of a narcotic drug, a class 4 felony. On October 25, 1988, pursuant to a plea agreement, appellee pled guilty in Tucson City Court to one count of loitering in exchange for the dismissal of the two citations. He subsequently filed a motion in superior court to dismiss the felony charge on the grounds that further prosecution would constitute double jeopardy and would also violate the prohibition against double punishment set forth in A.R.S. § 13–116. The superior court granted the motion without explanation, and the state has appealed.

The state first argues that the city court did not have jurisdiction to dismiss the case because it does not have jurisdiction over felony prosecutions. Ariz.Const. art. VI, § 32; A.R.S. §§ 22–301, 22–402. This argument is clearly without merit. If in fact the felony prosecution would constitute double jeopardy, the fact that the city court lacked jurisdiction to try the felony is irrelevant. *State v. Mounce*, 150 Ariz. 3, 721 P.2d 661 (App.1986).

The state also argues that the dismissal on double jeopardy grounds was in error because loitering is not a lesser-included offense of unlawful use of a narcotic drug. At the time the offense in question was committed, A.R.S.

§ 13–2905(A)(3) [1] provided:

A. A person commits loitering if such person intentionally:

\* \* \* \* \* \*

3. Except as provided in § 13–3411, is present in a public place with one or more persons to unlawfully possess, use or sell marijuana, dangerous drugs or narcotic drugs;

Although those portions of the city court record which have been included in the record on appeal in this case do not clearly indicate the basis of the guilty plea, the state concedes that it was predicated on this subsection of the loitering statute. The elements of the offense in this case are: 1) intentional presence in a public place, 2) with one or more persons, and 3) intentional use of a narcotic drug. *See Appeal in Pima County Delinquency Action No. 79577–2,* 160 Ariz. 581, 774 P.2d 1371 (App.1989) (interpreting similar language in A.R.S. § 13–3411). The statute under which the felony was charged, A.R.S. § 13–3408(A)(1), provides that "[a] person shall not knowingly ... use a narcotic drug." The mens rea "knowingly" is subsumed within intentional conduct. A.R.S. § 13–202(C).

 The state is correct that loitering is not a lesser-included offense of unlawful use of a narcotic drug. However, notwithstanding the disparity in punishment, unlawful use of a narcotic drug is a lesser-included offense of the loitering offense of which appellee was convicted in city court. One hundred years ago, the United States Supreme Court held that "where ... a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." *In re Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118, 122 (1889). Applicability of the bar against double jeopardy does not depend on the sequence of the prosecutions, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), nor the fact

that the original conviction occurs in a lesser court of the same sovereign. *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Because appellee was previously convicted of an offense which included the elements of the felony charge, the trial court properly granted his motion to dismiss.

Affirmed.

FERNANDEZ, C.J., LIVERMORE, P.J., and LACAGNINA, J., concur.

---

1. This subsection was deleted by amendments effective after the date of the offense. *See* Laws 1988, Ch. 194, § 1.