721 P.2d 661

**The STATE of Arizona, Appellant,**

v.

**Bruce Alan MOUNCE, Appellee.**

**No. 2 CA–CR 4034.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 20, 1986.

Review Denied July 8, 1986.

shall be deemed to have been required to be performed by Lessee at the offices of Lessor at Anaheim, California."

4

Stephen D. Neely, Pima Co. Atty. by Gerard M. Guerin, Tucson, for appellant.

Jeffrey A. Marks, Tucson, for appellee.

## OPINION

HATHAWAY, Chief Judge.

The state challenges the court's dismissal of the charge of unlawful flight contending that double jeopardy never attached. We agree and reverse.

During the early morning hours of November 8, 1984, a Tucson police officer observed appellee make an illegal left turn. A high-speed chase ensued in which appellee ran numerous stop lights, stop signs and traveled at speeds exceeding 85 mph. The chase, which lasted approximately 16 minutes, proceeded through the city and into the county. Appellee was arrested for fleeing, endangerment, criminal damage, reckless driving, speeding, lacking a valid operator's license, turning from an improper lane, failing to stop for a stop sign, failing to stop for a red light, lacking proof of insurance and unsafe movement on a roadway. On November 28, 1984, the Pima County Attorney dismissed all its charges and the Tucson City Prosecutor's office proceeded with prosecution. On January 3, 1985, appellee pled no contest to the charge of reckless driving. A.R.S. § 28–693. On May 3, 1985, the Pima County Grand Jury returned an indictment against appellee for one count of unlawful flight from a pursu-

ing law enforcement vehicle, a class 5 felony, under A.R.S. § 28–622.01. Appellee filed a motion to dismiss the unlawful flight charge in Pima County Superior Court. This motion was based upon the prohibition against double jeopardy contained in both the Fifth Amendment to the United States Constitution, and the Ariz. Const. art. 2, § 10. On June 3, 1985, the trial court granted appellee's motion. This appeal followed.

The state contends on appeal that the trial court erred in finding a reckless driving conviction bars prosecution for the offense of unlawful flight from a pursuing law enforcement vehicle.

## I. DOUBLE JEOPARDY

■ Once a defendant is either found guilty or acquitted of a lesser-included offense, the double jeopardy provisions of the United States and Arizona constitutions prohibit indictment for the greater offense. *State v. Harvey*, 98 Ariz. 70, 402 P.2d 17 (1965); *State v. Laguna*, 124 Ariz. 179, 602 P.2d 847 (App.1979). This is true even if the conviction or acquittal of the lesser-included offense was in a court that did not have jurisdiction to hear the greater offense. See *State v. Seats*, 131 Ariz. 89, 638 P.2d 1335 (1981). If the greater offense can be committed without necessarily committing the lesser offense, jeopardy does not attach. *State v. Seats*, supra; *State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980). See also, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The immediate question is whether the offense of reckless driving is a lesser-included offense of unlawful flight from a pursuing law enforcement vehicle. Proof of the offense of reckless driving requires a showing that the defendant was (1) driving a vehicle (2) in reckless disregard for the safety of persons or property. A.R.S. § 28–693(A). Proof of unlawful flight requires a showing of wilfully attempting to flee or elude a pursuing official law enforcement vehicle. A.R.S. § 28–622.01.

Appellee argues that, under the facts of this case, the elements of reckless driving are present in the unlawful flight elements. We emphasize, however, that the statutorily prescribed elements of the crime determine whether a crime is a lesser-included offense, not the facts of the given case. *State v. Laffoon*, supra; see also, *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

■ The crime of reckless driving requires reckless disregard for the safety of persons or property. The offense of unlawful flight, however, does not require disregard of safety of persons or property. It only requires a wilful attempt to flee or elude an official law enforcement vehicle. We can conceive of situations where a criminal defendant attempting to flee an officer does not recklessly endanger persons or property. For example, if a defendant is driving an off-road vehicle on a highway and an officer attempts to stop him, he could flee by using that off-road vehicle to negotiate terrain over which the police officer could not follow. He may be driving safely yet still violate the statute which prohibits fleeing or eluding an official law enforcement vehicle. We hold, therefore, that reckless driving is not a lesser-included offense of unlawful flight because unlawful flight does not always involve reckless disregard for persons or property.

■ We reverse the trial court on the issue of double jeopardy. We note that the provisions of A.R.S. § 13–116, regarding double punishment, are not at issue at this point in the proceedings. That statute may be applicable if appellee is convicted of unlawful flight.

## II. DUE PROCESS

While not raised by either party, we feel there is a due process issue that must be considered.

■ Appellee is being prosecuted at two separate times, in two separate courts for crimes arising out of the same incident or transaction. The Supreme Court of the

**6**

United States has held, however, that the state is constitutionally entitled to prosecute individual offenses arising from the same transaction singly, at separate trials, without violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Ash v. Swensen,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Ciucci v. Illinois,* 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983, reh. den. 357 U.S. 924, 78 S.Ct. 1367, 2 L.Ed.2d 1375 (1958); *Hoag v. New Jersey,* 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, reh. den. 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958). But see, *Ash v. Swensen,* supra. (Brennan, J., concurring).

A state does violate the due process clause if the course of such multiple trials entails fundamental unfairness. *Cuicci v. Illinois,* supra; *Hoag v. New Jersey,* supra. Fundamental unfairness is established when it appears that the accused has been subjected to a "hardship so acute and shocking that our polity will not endure it." *Palko v. Connecticut,* 302 U.S. 319, 328, 58 S.Ct. 149, 153, 82 L.Ed. 288, 293 (1937). See also, *Brock v. North Carolina,* 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953).

█ In the present case, appellee waived his constitutional due process rights by entering into the plea agreement. His motivation to waive these rights may have been based partly on the belief that by pleading to the lesser offense of reckless driving, he was washing his hands of the entire situation, including the unlawful flight charge. The municipal court, however, does not have the authority to prosecute or sentence a criminal defendant for a felony. Therefore, the court in which appellee pled never had the power to charge him with the unlawful flight charge in the first place. We find that appellee was not subjected to acute and shocking fundamental unfairness.

Reversed.

HOWARD, P.J., and FERNANDEZ, J., concur.