916 P.2d 1074

**STATE of Arizona, Appellant,**

v.

**Wade Bruce COOK, Appellee.**

**No. 1 CA–CR 91–0760.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 3, 1995.

Reconsideration Denied Nov. 1, 1995.

Review Denied May 21, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Division, Linda L. Knowles, Assistant Attorney General, Warren J. Granville, Assistant Attorney General, Phoenix, for appellant.

Lewis and Roca by Edward F. Novak and Charles W. Steese, Phoenix, for appellee.

## OPINION

EHRLICH, Judge.

In our first opinion in this case, we concluded that fines imposed on Wade Bruce Cook ("defendant") by the Arizona Corporation Commission for securities violations were penalties which precluded subsequent criminal prosecution for the same acts. *State v. Cook,* 177 Ariz. 595, 870 P.2d 413 (App.1993). We therefore affirmed the trial court's order dismissing the indictment. *Id.* The Arizona Supreme Court denied review. Subsequently, the United States Supreme Court granted certiorari, vacated the opinion and remanded the case in light of *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). *Arizona v. Cook,* — U.S. ——, 115 S.Ct. 44, 130 L.Ed.2d 6 (1994).

In *Dixon,* the Court overruled *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), in which it had held that the Double Jeopardy Clause of the Fifth Amendment, in addition to banning multiple prosecutions and punishments for crimes containing the same "elements" as defined in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), also barred "any subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 521, 110 S.Ct. at 2093 (emphasis added). However, after *Dixon,* for purposes of the federal Double Jeopardy Clause, the single inquiry as to whether a person has been punished or prosecuted twice for the "same offense" again is the *Blockburger* same-elements test. *See Hernandez v. Superior Court,* 179 Ariz. 515, 519–20, 880 P.2d 735, 739–40 (App.1994).

In our original opinion, we held that the defendant could not be prosecuted for allegedly violating various securities laws for which the commission already had ordered

him to make restitution in the amount of $390,841 and pay a $150,000 administrative penalty. We said that the administrative penalty constituted punishment and, thus, that any subsequent prosecution and punishment would violate the Double Jeopardy Clause. The parties never addressed and we never considered whether the defendant was being prosecuted for the same offenses for which the commission had imposed the administrative penalty. It was assumed that the criminal prosecution was based on the same acts for which the commission had imposed the penalty. On remand, we must determine whether the proposed prosecution will, under the *Blockburger* same-elements test, punish the defendant for the same offenses for which the commission imposed the administrative penalty.

## FACTS

The facts are set forth in detail in the original opinion. In summary, in February 1989, the Securities Division of the Arizona Corporation Commission accused the defendant of selling unregistered securities, selling securities without a license and securities fraud, violations of Ariz.Rev.Stat.Ann. ("A.R.S.") sections 44–1841, 44–1842 and 44–1991, respectively. Following a hearing, the commission found that the defendant had committed these violations and ordered him to cease and desist from the sale of securities in Arizona, make restitution in the amount of $390,841 to a number of investors and pay a $150,000 administrative penalty.

Subsequently, the defendant was indicted for the same conduct which was the subject of the proceedings before the commission. The indictment includes eighteen counts: one count of violating A.R.S. section 13–2310 (fraudulent schemes or artifices); one count of violating A.R.S. sections 13–2312, 13–2301(D)(4)(s), (t), 13–301, 13–302, and 13–303 (illegal control of an enterprise); eight counts of violating A.R.S. section 44–1841 (sale of unregistered securities), with one of these counts, Count 7, including A.R.S. sections 13–301, 13–302 and 13–303; and eight counts of violating A.R.S. section 44–1842 (sale of securities by unregistered dealers or salesmen), with one of these counts, Count

15, also including A.R.S. sections 13–301, 13–302 and 13–303.

## DISCUSSION

*A. Whether the state has waived the right to assert that the defendant is not being prosecuted for the same offenses that were the subject of the administrative proceeding.*

■ The defendant first raises the issue of waiver, arguing that the state never raised the question, either in the trial court or on appeal, whether he was being prosecuted for the same offenses. He maintains that the state cannot now argue that, even if the administrative penalty constitutes punishment, the criminal prosecution would not punish him for the same offenses for which he was punished by the commission. He asserts that it does not matter that the Court in *Dixon* overruled *Grady* because *Grady* would not have applied to his case. In other words, he argues that, even before *Dixon* was decided, the *Blockburger* test was the only test that applied in this case to determine whether he was being punished for the same offenses.

The defendant elaborates on his argument by noting that the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). He points out that he has continually argued that the criminal prosecution in this case would constitute multiple punishments for the same offense and that *Halper,* upon which we relied in our original opinion, indicated that multiple punishment was at issue when a civil penalty was imposed in addition to a criminal penalty. *Id.* He then cites *State v. Nunez,* 167 Ariz. 272, 275–76, 806 P.2d 861, 864–65 (1991), for the proposition that, even before *Dixon, Grady* only applied to cases involving successive prosecutions and that only the *Blockburger* test applied to cases involving multiple punishments. Thus, he insists that the demise of *Grady* is immaterial and that the state should have asserted in the trial court and on appeal, as it now contends on remand, that

only the *Blockburger* test applied to this case and that, under *Blockburger*, the criminal prosecution would not punish the defendant for the same offenses for which he was punished by the commission.

We do not agree with the defendant that *Grady* would not have applied to this case had the issue been presented originally on appeal. The defendant argues that this case does not involve a successive prosecution because, as explained in *Mullet v. Miller*, 168 Ariz. 594, 596–97, 816 P.2d 251, 253–54 (App. 1991), *cert. denied*, 502 U.S. 1122, 112 S.Ct. 1245, 117 L.Ed.2d 477 (1992), the proceedings before the commission were not prosecutions. While that may be true, it does not mean that *Grady* would not have applied to the subsequent prosecution in this case.

■ In *Halper*, because the criminal prosecution occurred first, the subsequent administrative proceedings were not automatically barred since the administrative proceedings were not a subsequent "prosecution" and may or may not have resulted in "punishment." The Double Jeopardy Clause was not implicated until the administrative proceedings resulted in a punishment. In this case, however, the administrative proceedings occurred first and resulted in punishment. Any subsequent criminal prosecution involving the same offenses, therefore, would be automatically barred by the Double Jeopardy Clause because a successful criminal prosecution could only result in punishment, making it unnecessary to go through the criminal prosecution to determine whether a "punishment" would result as is required in the reverse situation. In that sense, this case, as opposed to *Halper*, is just as much a successive prosecution case as it is a multiple punishment case.

This point specifically was addressed in *Mullet* in which the court explained that, once it was determined that the Corporation Commission imposed a punishment in the administrative proceeding, "the double jeopardy clause clearly prohibit[ed] a second proceeding to punish for the *same conduct.*" 168 Ariz. at 598, 816 P.2d at 255 (emphasis added). Thus, at the time this case originally was heard, the *Grady* same-conduct test would have applied to determine whether the

defendant was being prosecuted for the same offenses for which the commission had imposed the penalty even if we had found that the proceedings did not involve the same offenses under the *Blockburger* same-elements test. There simply was no question at the time the original appeal was decided that the two proceedings involved the same offenses. Accordingly, the state has not waived the argument it now presents on remand. Now, the Court in *Dixon* having overruled *Grady*, we must employ the *Blockburger* same-elements test to decide whether the proposed prosecution seeks to try the defendant for the same offenses for which the commission imposed the penalty.

**B. Federal double jeopardy analysis.**

■ The *Blockburger* same-elements test focuses on the statutory elements of the two crimes charged, not on the factual proof that is offered or relied upon to secure a conviction. *Hernandez v. Superior Court*, 179 Ariz. 515, 518, 880 P.2d 735, 738 (App.1994). *See also Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) ("*Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial"); *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182 ("[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."). Thus, in determining whether the offenses are the same under the *Blockburger* test, we need look only to the statutory elements of the offenses to see if each statute contains an element not contained in the other; we may not consider the particular facts of the case in making that determination. *Vitale*, 447 U.S. at 416–19, 100 S.Ct. at 2265–67. If each statute does contain an element not found in the other, then the offenses are not the same and the double jeopardy bar does not apply. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

*1. Analysis of Counts 2 through 17*

■ The commission found that the defendant had violated A.R.S. sections 44–1841 and 44–1842. Counts 2 through 17 involve

one of the two sections. At oral argument, counsel for the state conceded that the victims of each count in the indictment were all people who were presented as victims in the commission hearings. Thus, these counts all have the same elements as those which were the subject of the charges the commission considered and all constitute the same offenses for which the commission punished the defendant. Accordingly, the state may not prosecute the defendant under Counts 2 through 17.[1]

### 2. Analysis of Count 1

■ Count 1 charges the defendant with violating A.R.S. section 13–2310 which provides in relevant part:

A. Any person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions is guilty of a class 2 felony.

The commission found that the defendant violated A.R.S. section 44–1991 which provides:

It is a fraudulent practice and unlawful for a person, in connection with a transaction or transactions within or from this state involving an offer to sell or buy securities, or a sale or purchase of securities, including securities exempted under § 44–1843 or 44–1843.01 and including transactions exempted under § 44–1844, directly or indirectly to do any of the following:

1. Employ any device, scheme or artifice to defraud.

2. Make any untrue statement of material fact, or omit to state any material fact necessary in order to make the statements

made, in the light of the circumstances under which they were made, not misleading.

3. Engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit.

A plain reading of section 13–2310 indicates that it contains two main elements: the existence of a scheme or artifice to defraud and knowingly obtaining a benefit by means of false pretenses, false representations or material omissions. Section 44–1991 has as its elements the existence of a transaction involving an offer to sell or buy securities and the existence of a scheme or artifice to defraud. Clearly, each offense contains an element that the other does not. Section 13–2310 requires that a defendant obtain a benefit; section 44–1991 does not. Section 44–1991 requires that the scheme involve an offer to sell or buy securities; section 13–2310 does not. Under the *Blockburger* same-elements test, these offenses are not the same and the proposed prosecution under section 13–2310 is not barred under the federal Double Jeopardy Clause. The same conclusion was reached in *Hernandez*, 179 Ariz. at 521, 880 P.2d at 741.

The defendant argues, however, that section 13–2310 only includes the elements of a scheme or artifice to defraud and knowingly, asserting that 13–2310 does not require that a defendant "obtain a benefit." He bases his argument on *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), in which the Court interpreted the federal mail fraud statute, the statute upon which section 13–2310 is modeled.

The federal mail fraud statute, 18 U.S.C. § 1341, provides in pertinent part:

---

1. While Counts 7 and 15 include A.R.S. sections 13–301, 13–302 and 13–303 in addition to A.R.S. section 44–1841 (Count 7) and section 44–1842 (Count 15), these additional sections are no more than accomplice statutes. Indeed, it is not clear from the record why these statutes were added to these particular counts, but the indictment charges the defendant with offering or selling a security not registered by description or qualification and not exempt, which violates section 44–1841, and with selling or offering to sell a security when he was not registered to sell or offer to sell securities, which violates section 44–1842. The indictment thus indicates that the

defendant himself actually did the offering or selling, which was the basis for the commission punishment. The commission offenses, therefore, are lesser-included offenses of Counts 7 and 15, i.e., Counts 7 and 15 only contain additional elements, not different elements than the commission offenses, and are similarly barred by the Double Jeopardy Clause. *See State v. Mounce*, 150 Ariz. 3, 5, 721 P.2d 661, 663 (App.1986) (indicating that the Double Jeopardy Clauses of both the United States and Arizona Constitutions bar a subsequent prosecution for a greater offense once the defendant has been tried for a lesser-included offense).

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, ... for the purpose of executing such scheme or artifice or attempting so to do ... shall be fined.

The Court in *McNally* indicated that "the words 'to defraud' commonly refer 'to wronging one in his property rights by dishonest methods or schemes,' and 'usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.'" 483 U.S. at 358, 107 S.Ct. at 2881. The Court then stated, "As we see it, adding the second phrase ["or for obtaining money or property by means of false or fraudulent pretenses ...."] simply made it unmistakable that the statute reached false promises and misrepresentations as to the future as well as other frauds involving money or property." *Id.* at 359, 107 S.Ct. at 2881.

The defendant suggests that this means that the words "scheme or artifice to defraud" are synonymous with "obtaining money or property by means of false or fraudulent pretenses, representations or promises," and that the second sentence is mere surplusage defining "scheme or artifice to defraud." He therefore argues that "obtaining a benefit" is not an element of section 13–2310.

■ We first note, as the supreme court recognized in *State v. Haas*, 138 Ariz. 413, 419, 675 P.2d 673, 679 (1983), that there is a distinct difference between the federal mail fraud statute and the Arizona scheme or artifice statute. The Arizona statute lacks the disjunctive "or" between "scheme or artifice to defraud" and "obtaining money or property," and contains the specific requirement that the fraudulent conduct be done "knowingly." The Arizona statute requires the state to prove that a defendant obtained a benefit, which is exactly what this court held in *State v. Suarez*, 137 Ariz. 368, 373–74, 670 P.2d 1192, 1197–98 (App.1983). Because

obtaining a benefit is an element of section 13–2310, section 13–2310 and section 44–1991 are not the same offenses and the federal Double Jeopardy Clause does not bar the proposed prosecution under A.R.S. section 13–2310.

### 3. Analysis of Count 18

■ Count 18 of the indictment charges the defendant with violating A.R.S. sections 13–2312, 13–2301(D)(4)(s), (t), 13–301, 13–302 and 13–303, illegally controlling an enterprise through racketeering.[2] Again, we must determine whether an offense under section 13–2312 is the same offense as an offense under either sections 44–1841, 44–1842 or 44–1991, the statutes that the commission found that the defendant had violated.

Section 13–2312 provides in relevant part:

A. A person commits illegal control of an enterprise if such person, through racketeering or its proceeds, acquires or maintains, by investment or otherwise, control of any enterprise.

B. A person commits illegally conducting an enterprise if such person is employed by or associated with any enterprise and conducts such enterprise's affairs through racketeering or participates directly or indirectly in the conduct of any enterprise that the person knows is being conducted through racketeering.

Racketeering, as it was defined in section 13–2301(D)(4)(s) and (t) at the time of the defendant's offenses, provided:

4. "Racketeering" means any act, including any preparatory or completed offense, which is committed for financial gain, which is chargeable or indictable under the laws of the state in which the act occurred and, if the act occurred in a state other than this state, which would be chargeable or indictable under the laws of this state had the act occurred in this state and which would be punishable by imprisonment of more than one year, regardless of

---

**2.** As was discussed in connection with Counts 7 and 15, sections 13–301, 13–302 and 13–303 are simply accomplice statutes and are not directly involved in the same elements analysis. Thus,

the question here is whether either section 44–1841, 44–1842 or 44–1991 is a lesser-included offense of section 13–2312.

whether such act is charged or indicted, involving:

\* \* \* \* \* \*

(s) Sale of unregistered securities or real property securities and transactions involving such securities by unregistered dealers or salesmen.

(t) A scheme or artifice to defraud.

Section 44–1841 simply prohibits the sale or offer to sell any unregistered security. Because a violation of section 13–2312 through section 13–2301(D)(4)(s) requires the preparatory or completed offense of selling unregistered securities, section 44–1841 is a lesser-included offense of sections 13–2312 and 13–2301(D)(4)(s). In other words, there is no element in section 44–1841 that is not an element of 13–2301(D)(4)(s); one could not violate sections 13–2312 and 13–2301(D)(4)(s) without also violating section 44–1841. They are the same offense under the federal Double Jeopardy Clause. Thus, the defendant may not be prosecuted under 13–2312 and 13–2301(D)(4)(s).

Count 18, however, also charges the defendant under section 13–2312 through section 13–2301(D)(4)(t), which is racketeering involving a scheme or artifice to defraud. Neither section 44–1841 nor section 44–1842 involves a scheme or artifice to defraud and are not, therefore, the same offense. The question that remains is whether sections 44–1991 and 13–2312, illegal control of an enterprise by racketeering as defined in 13–2301(D)(4)(t), are the same offenses.

We restate the gist of the *Blockburger* test. If each statute contains an element not found in the other statute, then the bar of double jeopardy does not apply. Clearly, 13–2312 and 13–2301(D)(4)(t) include elements that are not included in section 44–1991. Only if section 44–1991 includes an element that is not included in sections 13–2312 and 13–2301(D)(4)(t) are the offenses not the same, in which case the defendant may be prosecuted under sections 13–2312 and 13–2301(D)(4)(t).

Section 44–1991 requires that the scheme or artifice to defraud involve a securities transaction. A violation of section 13–2312 committed as defined in section 13–2301(D)(4)(t) does not require the prosecution to prove any transaction involving securities. Although section 13–2301(D)(4)(t) requires a scheme or artifice to defraud, and in this case the scheme unquestionably involved the sale of securities, it is possible to conduct a scheme or artifice to defraud under section 13–2301(D)(4)(t) that does not involve a securities transaction. The offenses thus are not the same under *Blockburger* because the test looks only to the statutory elements and not to the facts that will be used to prove those elements. *Vitale*, 447 U.S. at 416–19, 100 S.Ct. at 2265–67; *Hernandez*, 179 Ariz. at 518, 880 P.2d at 738. Section 44–1991 includes an element not contained in sections 13–2312 and 13–2301(D)(4)(t). The defendant may be prosecuted under sections 13–2312 and 13–2301(D)(4)(t).

Accordingly, under federal Double Jeopardy Clause analysis, the defendant may be prosecuted under Count 1 as alleged in the indictment and may not be prosecuted as alleged in Counts 2 through 17. If the state wishes to proceed on Count 18, it must seek an amendment to that count charging the defendant with violating only section 13–2312 committed by racketeering as defined in section 13–2301(D)(4)(t). This assumes, of course, that the defendant's state double jeopardy claims fail and that the state's modified *Halper* analysis also fails. We now turn to those arguments.

### C. State Double Jeopardy Analysis.

#### 1. The Arizona Constitution's Double Jeopardy Clause

■ The defendant first asserts that the Double Jeopardy Clause of the Arizona Constitution is broader than that clause of the Fifth Amendment. He bases this argument on *State v. Cassius*, 110 Ariz. 485, 487, 520 P.2d 1109, 1111, *cert. granted*, 419 U.S. 824, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974), *cert. dismissed*, 420 U.S. 514, 95 S.Ct. 1345, 43 L.Ed.2d 362 (1975), in which the court stated:

The question of whether two offenses are the same, and the criteria for resolving that question, are set out in *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971). There, we held that in order to constitute

different offenses, no element of either offense may be an element of the other; *i.e.,* the two offenses must not contain a common element. . . .

The federal courts use a different test, less favorable to the defendant. They hold that the offenses charged are not the same if each contains an element not contained in the other. *Blockburger v. United States,* 284 U.S. 299, 304 [52 S.Ct. 180, 182, 76 L.Ed. 306]. . . .

As the passage indicates, the court in *Cassius* relied on *Tinghitella,* in which was set out a test called the "identical elements test." 108 Ariz. at 3–4, 491 P.2d at 836–37. The *Tinghitella* case, however, did not involve the Arizona Constitution's Double Jeopardy Clause. It set out the identical elements test to determine the number of acts which could be punished under former A.R.S. section 13–1641 (since amended and renumbered as section 13–116). *Id..* *Cassius* does not stand for the proposition that the state Double Jeopardy Clause is broader than the federal Double Jeopardy Clause.

Furthermore, before *Grady,* the Arizona Supreme Court strongly suggested in dicta that the identical elements test, as set forth in *Tinghitella,* did not apply to double jeopardy analysis. In *State v. Gordon,* 161 Ariz. 308, 313 n. 5, 778 P.2d 1204, 1209 n. 5 (1989), it stated:

> . . . [W]e note the distinction between the identical elements test, which focuses on the facts of the transaction and the conduct of the defendant in determining what is "an act" under § 13–116, and the test used for double jeopardy analysis, which "focuses on the proof necessary to establish the statutory elements of each offense, rather than on the actual evidence to be presented at trial." [Full citations to *Vitale,* 447 U.S. at 416, 100 S.Ct. at 2265, and *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, omitted.]

This implies that the test for double jeopardy analysis under both the United States and Arizona Constitutions is the *Blockburger* same-elements test; there is no indication that there is a different double jeopardy analysis under the Arizona Constitution. We agree with this statement in *Hernandez,* 179 Ariz. at 522, 880 P.2d at 742:

> The state and federal double jeopardy clauses are comprised of virtually identical language. We ordinarily interpret Article 2 section 10 of the Arizona Constitution in conformity to the interpretation given by the United States Supreme Court to the same clause in the federal constitution. We find no reason in this case to deviate from that policy of uniformity of interpretation. [Citation omitted.]

### 2. Double Punishment Under A.R.S. § 13–116

■ The defendant argues that Arizona's double punishment statute, A.R.S. section 13–116, bars the proposed prosecution in this case. He asserts that the statute forbids the state from punishing a person twice for the same "act or omission," which, he argues, will occur if he is convicted in the criminal prosecution.

■ Section 13–116 provides:

> An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require.

Even if the criminal prosecution seeks to punish the defendant for the same acts for which the commission imposed the penalty, we do not agree with the defendant that section 13–116 bars the proposed prosecution in this case. The first sentence of the statute specifically states that a defendant may be punished under two different statutes for the same act or omission. It only mandates, however, that the sentences under the two statutes be concurrent. The defendant has received an administrative fine for his illegal acts. Section 13–116's requirement of concurrent sentences does not prohibit a separate fine and prison sentence for the same illegal act, but does not allow more than one of each for that criminal act. *State v.*

*Sheaves,* 155 Ariz. 538, 540, 747 P.2d 1237, 1239 (App.1987).

The second sentence of section 13–116 prohibits a prosecution under one statute if a defendant already has been acquitted or convicted and sentenced under another statute for the same act or omission to the extent the United States Constitution or the Arizona Constitution prohibits such subsequent prosecutions. Because we already have determined that the federal and state Double Jeopardy Clauses would not prohibit the proposed prosecution in this case, be it for the same act, omission or offense, section 13–116 does not bar the criminal prosecution. *See Hernandez,* 179 Ariz. at 522, 880 P.2d at 742.

The defendant, nevertheless, argues that the statute must be broader because the California statute upon which section 13–116 was based has been interpreted to mean that all offenses in which the same act or course of conduct plays a significant part normally must be prosecuted in a single proceeding. *People v. Belcher,* 11 Cal.3d 91, 113 Cal.Rptr. 1, 6, 520 P.2d 385, 390 (1974); *see State v. Everhart,* 169 Ariz. 404, 409, 819 P.2d 990, 995 (App.1991) (section 13–116 taken from section 654 of the California Penal Code).

In full context, the California Supreme Court interpreted the statute as follows:

> Under the section, all offenses in which the same act or course of conduct plays a significant part must normally be prosecuted in a single proceeding, *unless joinder is prohibited or severance permitted for good cause.* This rule is based on the assumption that the state has the opportunity to charge all offenses that may arise out of a single course of criminal conduct. Clearly, the assumption cannot be made where, as here, one of the prosecutions occurred in another jurisdiction.

*Belcher,* 113 Cal.Rptr. at 6, 520 P.2d at 390 (citations omitted) (emphasis added). Just as in *Belcher* in which joinder was not possible because the prosecutions were proceeding in separate jurisdictions, joinder was not possible in this case because a criminal proceeding and a commission hearing cannot be joined. Nor do we think that section 13–116 was intended to force the state to choose between an administrative proceeding and a criminal proceeding in this type of situation beyond what is required by the Double Jeopardy Clause of the United States or Arizona Constitutions. Accordingly, section 13–116 does not bar the proposed prosecution in this case.

*D. Whether the civil sanctions were a penalty.*

■ In *Halper,* 490 U.S. 435, 109 S.Ct. 1892, the Court held that a civil sanction must be classified as a criminal penalty for double jeopardy purposes to the extent that it cannot be characterized as remedial, i.e., intended to recompense the government for the loss the defendant caused. In our earlier opinion, we agreed with the trial court that the $150,000 sanction did not fit that classification. The state now contends that, even if the indictment involves the same offenses that were the subject of the commission hearings, this court should only consider that portion of the $150,000 administrative penalty attributable to the victims included in the indictment in determining whether the penalty constitutes a "punishment" under *Halper.*

The commission's penalty was based upon $1000 per each of 150 victims while the criminal prosecution involves eight victims. Therefore, the state's argument goes, because the Double Jeopardy Clause only precludes multiple punishments for the same offense rather than for the same conduct in general, only eight of the commission offenses are involved in the indictment and only $8000 of the penalty can be considered in determining whether the commission punished the defendant within the meaning of the Double Jeopardy Clause. It further maintains that, under *Halper,* the $8000 would not be considered a "punishment" so that the proposed criminal prosecution would not expose the defendant to multiple punishments.

At oral argument, the defendant's counsel first answered this with the assertion that the state was twisting the purpose of the Double Jeopardy Clause. He said that the clause forbids the state charging and punishing a person in one proceeding and then punishing the same person again in another proceeding. He argued that the trial court

already found that the proceeding before the commission was punitive in nature and that, notwithstanding the fact that the criminal proceeding does not encompass all of the victims who were the subject of the commission proceeding, the commission proceeding remains punitive in nature as to all of the victims, including those who are the subject of the indictment.

The state had a twofold rejoinder. It said that the record shows that the defendant has not paid the penalty assessed by the commission, relying on an observation the supreme court made in *Taylor v. Sherrill*, 169 Ariz. 335, 344, 819 P.2d 921, 930 (1991). There, the court said, in discussing whether a defendant had carried his burden of proof in advancing a claim of double jeopardy under *Halper*, that the record did not show whether the defendant had or ever would pay the fine assessed against him in an earlier proceeding. This passing statement was only one of several more cogent reasons why the court found that the double jeopardy bar did not apply in that case and, in our opinion, it is doubtful that the court would have reached the same result had the failure to pay been the only rationale for the result. The state's second response was a restatement of its initial argument, which we do not accept. It is, in essence, an attempt to pro rate the punishment the commission imposed and reconstitute a small portion of it as an administrative expense chargeable against the defendant. This is an artificiality that cannot mask the fact that the defendant already has been punished for the same offenses that are the subject of Counts 2 through 17 of the indictment.

## CONCLUSION

After re-examining this case in light of *Dixon*, we conclude that the object of Counts 2 through 17 of the indictment is to punish the defendant for the same offenses for which the commission has imposed a punishment; the defendant may not be prosecuted under those counts. Count 1 does not involve the same offenses as the administrative proceeding; the state may prosecute the defendant on that charge. The portion of Count 18 including A.R.S. section 13–2301(D)(4)(s) does entail the same offenses as the administrative proceeding, but that part of Count 18 involving section 13–2301–(D)(4)(t) does not. Consequently, the state may prosecute the defendant under Count 18 as that offense is defined by section 13–2301(D)(4)(t).

CONTRERAS, J., concurs.

KLEINSCHMIDT, Presiding Judge, concurring in part and dissenting in part:

I do not agree that the Double Jeopardy Clause of the Arizona Constitution need or should be interpreted in conformity with its federal counterpart. For all the reasons set out in the dissents in *Dixon*, I think the *Grady* same conduct test is the better test for determining what constitutes the "same offense" within the meaning of the double jeopardy clauses. The test is entirely fair and easy to apply. We are free to apply it in interpreting the double jeopardy clause of the Arizona Constitution, and I think we should do so.[1] I would hold that because the proposed prosecution seeks to punish the Defendant for the same *conduct* for which he was punished in the administrative proceeding, the criminal prosecution is barred by the Double Jeopardy Clause of the Arizona Constitution. I would also hold, therefore, that the Defendant could not be punished again under A.R.S. section 13–116 since that statute prohibits a second prosecution for the "same act" to the same extent as does the Arizona Constitution.

1. In *Pool v. Superior Court*, 139 Ariz. 98, 677 P.2d 261 (1984) our supreme court held, in the context of deciding what standard to apply for deciding when prosecutorial conduct which re- sults in a mistrial will bar retrial, that the double jeopardy clause of the Arizona Constitution need not be read as narrowly as its federal counterpart.