NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GARY LANE EISENMANN, *Appellant.*

Nos. 1 CA-CR 17-0144; 1 CA-CR 17-0155 (Consolidated)
FILED 10-18-2018

Appeal from the Superior Court in Maricopa County
Nos. CR2012-009381-001; CR14-001133-001 (Consolidated)
The Honorable Teresa A. Sanders, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan, Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Tempe
By Kyle T. Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Judge James B. Morse Jr. and Chief Judge Samuel A. Thumma joined.

_____

**B E E N E**, Judge:

¶1            The State obtained a 71-count indictment against Gary Lane Eisenmann ("Eisenmann"), alleging various felony offenses, including nine counts of misconduct involving weapons ("MIW"). The State later indicted Eisenmann on ten additional MIW counts. The superior court consolidated these cases, but severed the MIW counts from the other charges. After a jury convicted Eisenmann of all non-MIW counts, the 19 MIW charges proceeded to a bench trial, where Eisenmann was found guilty on all counts.

¶2            Eisenmann appeals his jury trial convictions for theft and theft of means of transportation, as well as taking the identity of another and aggravated taking the identity of another, arguing that his convictions violate his double jeopardy rights. Eisenman also timely filed an appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following his bench trial convictions for 19 counts of MIW. In this consolidated appeal, for the following reasons, for Eisenmann's appeal challenging the jury verdicts, we (1) merge together the counts for theft with the counts of theft of means of transportation, (2) vacate Eisenmann's convictions and sentences for theft of means of transportation, (3) we merge together the counts for taking the identity of another with the count for aggravated taking the identity of another, (4) vacate Eisenmann's convictions and sentences for the taking the identity of another counts, and (5) affirm his remaining convictions and sentences. For Eisenmann's *Anders* appeal challenging the bench trial convictions, we affirm his convictions and sentences for the MIW charges.

**FACTS AND PROCEDURAL HISTORY**

¶3            From May 2012 through August 2012, Eisenmann and his codefendant committed multiple burglaries at different residences. Eisenmann broke into these residences and stole property including guns, credit cards, and vehicles. In one burglary, Eisenmann stole a Toyota Forerunner, and in a later burglary, he stole a 2008 Infiniti. Eisenmann gave

the stolen credit cards to his codefendant who then used them to purchase items in the respective victims' names. During one of the burglaries, Eisenmann stole a cellphone and used it to call a phone belonging to him. The police tracked this phone call, suspected Eisenmann of the burglaries, and surveilled him. On August 21, 2012, the police pulled over a vehicle in which Eisenmann was a passenger and arrested him.

¶4 After proceeding to a jury trial, and subsequent bench trial, Eisenmann was found guilty as charged on all counts. At sentencing, Eisenmann received multiple concurrent sentences, the longest of which was 25 years' imprisonment. Eisenmann timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

### I. Eisenmann's Challenges To The Jury Verdicts.

¶5 Eisenmann argues that his convictions for theft and theft of means of transportation, as well as his convictions for taking the identity of another and aggravated taking the identity of another, violated his double jeopardy rights. We analyze each argument in turn.

#### A. Standard of review.

¶6 "We review claims of double jeopardy de novo." *State v. Braidick*, 231 Ariz. 357, 359, ¶ 6 (App. 2013). Because Eisenmann did not raise an objection on double jeopardy grounds below, we limit our review to fundamental error. *State v. Price*, 218 Ariz. 311, 313, ¶ 4 (App. 2008); *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). "[D]ouble jeopardy principles prohibit convictions for both a greater offense and a lesser included offense, and a violation of double jeopardy is fundamental error." *Price*, 218 Ariz. at 313, ¶ 4. We review *de novo* whether an offense is considered a lesser-included offense. *State v. Cheramie*, 218 Ariz. 447, 448, ¶¶ 6-8 (2008).

#### B. Theft and theft of means of transportation.

¶7 Eisenmann argues that his charges for both theft and theft of means of transportation violated his double jeopardy rights. He argues that theft is a lesser-included offense of theft of means of transportation. Without deciding that issue, we conclude that Eisenmann's double jeopardy rights were violated when he was convicted of theft involving the Forerunner and Infiniti under A.R.S. § 13-1802 as well as theft of means of

transportation of these same vehicles under A.R.S. § 13-1814, all based on the same acts by Eisenmann. "Although we do not search the record for fundamental error, we will not ignore it when we find it." *State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32 (App. 2007).

**¶8** "The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple convictions and punishments for the same offense." *State v. Ortega*, 220 Ariz. 320, 323, ¶ 9 (App. 2008). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 323-24, ¶ 9 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "In other words, in order to avoid double jeopardy, it must be possible to violate one statute without violating the other." *State v. Cope*, 241 Ariz. 323, 325, ¶ 8 (App. 2016). "Distinct statutory provisions constitute the same offense if they are comprised of the same elements." *State v. Siddle*, 202 Ariz. 512, 516, ¶ 10 (App. 2002).

**¶9** "The *Blockburger* same-elements test focuses on the statutory elements of the two crimes charged, not on the factual proof that is offered or relied upon to secure a conviction." *State v. Cook*, 185 Ariz. 358, 361 (App. 1995). In applying this test, "we need look only to the statutory elements of the offenses to see if each statute contains an element not contained in the other; we may not consider the particular facts of the case in making that determination." *Id.* "But *Blockburger* does not preclude consideration of the offense as it has been charged in determining the elements of an offense and whether two offenses are the same." *Ortega*, 220 Ariz. at 325, ¶ 14.

**¶10** The relevant charges are found in Counts 11, 12, 34, and 35.[1] For Count 11, the State alleged that "[o]n or between July 11 and July 12, 2012, [Eisenmann], without lawful authority, knowingly controlled [respective victim's] television and/or Toyota Forerunner, of a value of $4000 or more but less than $25,000, knowing or having reason to know that the property was stolen[.]" For Count 12, the State alleged that "[o]n or between July 11 and July 12, 2012, [Eisenmann], without lawful authority, knowingly controlled [respective victim's] TOYOTA FORERUNNER, a means of transportation, knowing or having reason to know that the property was stolen[.]"

---

[1] We reference the numbered counts used in the amended indictment.

¶11      For Count 34, the State alleged that "[o]n or between July 23, 2012, and July 28, 2012, [Eisenmann], without lawful authority, knowingly controlled [respective victim's] 2008 INFINITI, jewelry, cash, purse, clock, televisions and/or painting with a value of $25,000 or more but less than $100,000, knowing or having reason to know that the property was stolen[.]" For Count 35, the State alleged that "[o]n or between July 23, 2012, and July 28, 2012, [Eisenmann], without lawful authority, knowingly controlled [respective victim's] 2008 Infiniti, a means of transportation, knowing or having reason to know that the property was stolen[.]" Eisenmann was convicted of each of these counts.

¶12      Using the *Blockburger* same-elements test to compare the elements of the charges for both theft and theft of means of transportation, each statute requires the State to prove that the defendant (1) without lawful authority, (2) knowingly controlled (3) either the property of another or another person's means of transportation and (4) knew or had reason to know the property was stolen. A.R.S. §§ 13-1802(A)(5), -1814(A)(5). Property as defined in this statute may include a means of transportation. *See State v. Garcia*, 235 Ariz. 627, 631, ¶ 10 (App. 2014) ("There is no suggestion in this broad definition [under A.R.S. § 13-1801(A)(12)] that 'property' does not include a means of transportation."). The only difference between the two crimes charged is that A.R.S. § 13-1802(G) requires proof of value of the property stolen to determine the felony classification while A.R.S. § 13-1814 does not. Therefore, because it would be impossible to violate A.R.S. § 13-1814 without also violating A.R.S. § 13-1802, Eisenmann's double jeopardy rights were violated when he was convicted and sentenced under Counts 11 and 12 and Counts 34 and 35. *Cope*, 241 Ariz. at 325, ¶ 8 ("[I]n order to avoid double jeopardy, it must be possible to violate one statute without violating the other.").

¶13      We therefore merge Eisenmann's convictions under Count 11 and Count 12, vacate his sentence under Count 12, and affirm his sentence under Count 11. For these same reasons, we also merge his convictions under Count 34 and Count 35, vacate his sentence under Count 35, and affirm his sentence under Count 34.

> ### C.    Taking the identity of another and aggravated taking the identity of another.

¶14      Eisenmann next argues that the State violated his double jeopardy rights by charging him with taking the identity of another as well as aggravated taking the identity of another. Eisenmann notes that in Counts 21, 28, 44, and 55 of the indictment (alleging taking the identity of

another), the State alleged that he "knowingly took, purchased, manufactured, recorded, possessed or used any personal identifying information . . . of [the respective victims], without consent, with the intent to obtain or use, the identity for any unlawful purpose or to cause loss to a person[.]"

¶15        Eisenmann also notes that the State alleged in Count 61 for aggravated taking the identity of another that he

> knowingly took, purchased, manufactured, recorded, possessed or used any personal identifying information . . . of [the respective victims], three or more other persons . . . including real or fictitious persons . . . without the consent of the other persons . . . with the intent to obtain or use the other persons' . . . identities for any unlawful purpose or to cause loss to the persons . . . whether or not the persons . . . actually suffer any economic loss[.]

He argues that taking the identity of another is a lesser-included offense of aggravated taking the identity of another with the only additional requirement for the aggravated count being the need for "three or more persons[.]"

¶16        Here, Eisenmann's convictions for both taking the identity of another and aggravated taking the identity of another constitute fundamental error because taking the identity of another is a lesser-included offense of aggravated taking the identity of another. Counts 21, 28, 44, and 55 are based on A.R.S. § 13-2008, which is the lesser-included offense of A.R.S. § 13-2009 and the basis for Count 61. Each element of A.R.S. § 13-2008(A) is a constituent part of A.R.S. § 13-2009(A). The only additional factor under § 13-2009 is that the defendant committed taking the identity of another person with "three or more persons" as victims. *See State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, ¶¶ 11-12 (App. 1998) (lesser-included offense is composed solely of some but not all the elements of the greater crime and is "always a constituent part of the greater offense"). Thus, Eisenmann's double jeopardy rights were violated when he was convicted of the charges under Counts 21, 28, 44, and 55 (the lesser-included offenses), as well as Count 61 (the greater offense). *See State v. Becerra*, 231 Ariz. 200, 205, ¶ 20 (App. 2013) ("A defendant's right not to be subjected to double jeopardy is violated if he is convicted of both a greater and lesser-included offense.").

¶17 Because Eisenmann's convictions for both the greater and lesser-included offenses for taking the identity of another person violated his double jeopardy rights and resulted in fundamental error, we merge Counts 21, 28, 44, and 55 with his conviction under Count 61 and vacate the sentences for Counts 21, 28, 44, and 55. *See Merlina v. Jejna*, 208 Ariz. 1, 4 n.4, ¶ 14 (App. 2004) ("The principal danger in multiplicity [−] that the defendant will be given multiple sentences for the same offense [−] can be remedied at any time by merging the convictions and permitting only a single sentence."); *see also* A.R.S. § 13-4037(A).

### D. **Jury instructions.**[2]

¶18 Eisenmann also argues that the instruction for the definition of a dangerous offense was not properly submitted to the jury during the trial's aggravation phase. "We review a trial court's refusal to give a jury instruction for an abuse of discretion." *State v. Moody*, 208 Ariz. 424, 467, ¶ 197 (2004). "We will reverse only if the instructions, taken together, would have misled the jurors. Where the law is adequately covered by instructions as a whole, no reversible error has occurred." *State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998) (citation omitted).

¶19 Eisenmann requested the jury instruction for the definition of a "dangerous offense" be given as defined in A.R.S. § 13-105(13), which states: "'Dangerous offense' means an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument, or the intentional or knowing infliction of serious physical injury on another person." Instead, the instruction given read as follows: "'Dangerous offense' means an offense that involved the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument."

¶20 Here, the court did not abuse its discretion by denying Eisenmann's requested instruction of the full definition of dangerous offense under A.R.S. § 13-105(13). The State did not allege that Eisenmann had used any weapon to cause serious physical injury on another person. The court properly recognized this issue:

> Dangerous offense means an offense involving the discharge, use, or threatening exhibition of a deadly weapon or

---

[2] In his *Anders* appeal, Eisenmann included a claim unrelated to the MIW counts. Because this issue deals with a non-MIW claim, we will address the jury instruction argument in this section of the decision.

dangerous instrument, or the intentional or knowing infliction of serious physical injury on another person.

I mean, that's not applicable. There's no allegation that you did that. There's no allegation that you intentionally or knowingly inflicted serious physical injury on a person.

**¶21** Including the phrase "or the intentional or knowing infliction of serious physical injury on another person" in the jury instructions would have been irrelevant and potentially confusing to the jury. *State v. Musgrove*, 223 Ariz. 164, 167, ¶ 6 (App. 2009) ("[A] court . . . should reject a 'proffered jury instruction that misstates the law or has the potential to mislead or confuse the jury.'") (quoting *State v. Rivera*, 177 Ariz. 476, 479 (App. 1994)). Therefore, the court did not abuse its discretion in denying Eisenmann's requested instruction.

## II.      Eisenmann's *Anders* Claims.

**¶22** For his convictions following the bench trial, counsel for Eisenmann has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Eisenman was given the opportunity to file a supplemental brief *pro se* and has done so. Eisenmann raises several arguments in his supplemental *pro se* brief. We address each in turn.

### A.      Unlawful search.

**¶23** Eisenmann first argues that the superior court erred in denying his motion to suppress evidence found through law enforcement's request to search the phone records of one of the victims. He argues that he was an aggrieved person under A.R.S. § 13-3015(c) and 18 U.S.C. § 2518(10)(a)(iii). "We review a trial court's ruling on a motion to suppress for an abuse of discretion." *State v. Peterson*, 228 Ariz. 405, 407-08, ¶ 6 (App. 2011).

**¶24** Here, the superior court did not err in denying Eisenmann's motion. In the minute entry regarding the motion, the court noted that Eisenmann

concedes in his motion that the request made by law enforcement, which ultimately led police to [his] phone number, was based on the victim's stolen cell phone. Since law enforcement was using the victim's phone number to

obtain information and [Eisenmann] did not own that phone
or have any legal right to that phone, he has no standing to
object to any information not properly or legally obtained.

¶25        We agree.  Eisenmann does not have standing to raise a legal
objection regarding the privacy rights of someone else's phone.  *See State v.
Gortarez*, 141 Ariz. 254, 259 (1984) ("[W]e note that appellant has no
standing to challenge the validity of tapes of telephone calls to which he
was not a party.").

¶26        Eisenmann also makes several arguments that an affidavit for
a court-ordered wiretap, as well as an application for a wiretap, on the
victim's phone did not meet certain statutory requirements.  The same legal
reasoning applies to Eisenmann's first argument: he has no standing to
make legal arguments regarding the victim's phone because he did not own
that phone.  Thus, the court did not abuse its discretion in denying his
motion.

### B.        Search warrants.

¶27        Eisenmann next raises issues regarding the legal sufficiency
of several of the search warrants issued in this case.  He argues that search
warrant 2012-008515 failed to particularly describe the place to be searched
or to establish probable cause.  He argues that search warrant 2012-007841
also failed to establish probable cause.  He further argues that the police
unlawfully searched vehicles not described in a warrant.  While Eisenmann
asks us to review these issues *de novo*, Eisenmann already argued these
issues in separate motions to suppress, and the superior court ruled on both
motions.  The correct standard of review for the court's rulings on these
motions to suppress is for an abuse of discretion.  *Peterson*, 228 Ariz. at
407-08, ¶ 6.

¶28        Here, we cannot consider Eisenmann's arguments because he
has failed to provide correct citations to the record sufficient to locate the
specified search warrants.  *See* Ariz. R. Crim. P. 31.10(a)(7)(B) (requiring
each argument to contain, "[f]or each issue, references to the record on
appeal where the issue was raised and ruled on").  Eisenmann does not
reference the record on appeal but instead references either the superior
court docket or exhibits attached to his motions, both of which are
insufficient records for our review.  Therefore, we presume that the court
did not abuse its discretion in denying these motions.  *See Phx. Airport
Travelodge v. Dolgin*, 12 Ariz. App. 358, 360 (1970) ("If . . . the partial record

i[s] insufficient to decide the issue, we will presume the trial court correct.").

## C.     Sufficiency of the evidence.

**¶29**        Eisenmann next argues that there was not substantial evidence presented to prove guilt beyond a reasonable doubt for his MIW convictions, Counts 1 through 19. Eisenmann notes that the allegations for these charges required that he "knowingly possessed" each firearm. He further notes that in Counts 1 through 10, as well as 19, others occupied the premises where the firearms were found, and in Counts 11-17, an accomplice was involved. Eisenmann argues that because no one witnessed him possessing these firearms, and others were either present or involved as an accomplice, the evidence was insufficient to prove that every element was met and proven beyond a reasonable doubt.

**¶30**        The question of sufficiency of the evidence is one of law that we review *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "We review the sufficiency of evidence presented at trial only to determine whether substantial evidence supports the . . . verdict, viewing the facts in the light most favorable to sustaining the . . . verdict." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (internal quotations and citation omitted). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 66 (1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**¶31**        To prove the MIW charges, the State had to prove that Eisenmann knowingly possessed a "deadly weapon" or "prohibited weapon" and was a prohibited possessor. A.R.S. § 13-3102(A)(4). "'Deadly weapon' means anything that is designed for lethal use. The term includes a firearm." A.R.S. § 13-3101(A)(1). "Prohibited possessor" means any person who has been convicted of a felony within or without the state. A.R.S. § 13-3101(A)(7)(b). "'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34).

**¶32**        Here, the evidence was sufficient to support each of the MIW convictions. At the bench trial, Eisenmann was proven to be a convicted felon and had not filed to have his civil rights restored to possess a handgun. The State correctly noted that evidence established at the jury trial on the other counts indicated that the guns were found both in Eisenmann's warehouse and the vehicle in which he was arrested, all

within Eisenmann's dominion or control. The State then called two witnesses who testified that the firearms listed in the MIW charges were functional. Given the evidence produced at trial, we conclude that substantial evidence supports the superior court's verdicts on these counts.

### D. Multiplicity.

**¶33** Eisenmann argues that Counts 2 through 10 of his MIW charges were multiplicitous. He contends that regardless of the number of firearms found in the warehouse, there is only one offense of felony possession, not multiple offenses unless it can be shown that the firearms were acquired at various times.

**¶34** A charge is multiplicitous if it charges a single offense in multiple counts and thereby raises the potential for multiple punishments for a single act. *State v. Brown*, 217 Ariz. 617, 620, ¶ 7 (App. 2008) (citation omitted). Here, Counts 2 through 10 were not multiplicitous because the charges were not for a single act. Eisenmann was not charged and convicted under Counts 2 through 10 for a single offense of misconduct involving the same firearm. Each of the counts required proof that Eisenmann possessed distinct firearms at different times. Therefore, Counts 2 through 10 were not multiplicitous.

### E. Sufficiency of indictment.

**¶35** Eisenmann next argues that Counts 11 through 19 in the amended indictment failed to fairly inform him of the charges against him. Specifically, Eisenmann argues that these counts failed to describe or inform him as to which firearm he allegedly possessed on any given date. Eisenmann raised the same argument when he filed a motion to dismiss these charges, but the superior court denied the motion and found that it had no merit.

**¶36** We review a superior court's denial of a motion to dismiss for an abuse of discretion. *State v. Martinez*, 220 Ariz. 56, 58, ¶ 5 (App. 2008). Here, each of Counts 11 through 19 list specific dates in which the State alleged Eisenmann possessed a firearm. The indictment did not require the State to allege that Eisenmann possessed distinct firearms because the charges only required proof that Eisenmann possessed a firearm, a deadly weapon, on the respective dates alleged. Therefore, we find that the court did not abuse its discretion in denying Eisenmann's motion.

## CONCLUSION

**¶37**        For his convictions after the bench trial, this Court has read and considered the record and Eisenmann's *pro se* supplemental brief, and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶38**        For the foregoing reasons, we (1) merge Eisenmann's convictions under Count 11 and Count 12, vacate his sentence under Count 12, and affirm his sentence under Count 11; (2) merge his convictions under Count 34 and Count 35, vacate his sentence under Count 35, and affirm his sentence under Count 34; (3) merge his convictions under Counts 21, 28, 44, and 55 for taking the identify of another with his conviction for aggravated taking the identity of another under Count 61, and affirm his sentence under Count 61; and (4) vacate his convictions and sentences under Counts 21, 28, 44, and 55.

**¶39**        Upon the filing of this decision, defense counsel is directed to inform Eisenmann of the status of the appeal and of his future options.  For his convictions after the bench trial, defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Eisenman shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA