520 P.2d 1109

**STATE of Arizona, Appellee,**

v.

**Michael J. CASSIUS aka Carl Jackson, Appellant.**

**No. 2867–PR.**

Supreme Court of Arizona,
En Banc.

April 16, 1974.

Rehearing Denied May 21, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, Frank Leto, Tucson, Third Year Law Student, for appellee.

John M. Neis, Pima County Public Defender, Ed P. Bolding, Former Pima County Public Defender, by Richard Van Duizend, Former Asst. Public Defender, Tucson, Jeffrey W. Hanes, Third Year Law Student, for appellant.

HAYS, Chief Justice

The defendant, Michael J. Cassius, also known as Carl Jackson, appealed from a judgment finding him guilty of having committed a felony while free on his own recognizance, in violation of A.R.S. § 13–1580. The Court of Appeals reversed the trial court in State v. Cassius aka Jackson, 21 Ariz.App. 78, 515 P.2d 903 (1973). We granted the state's petition for review. We vacate the opinion of the Court of Appeals and affirm the judgment and sentence of the Superior Court.

Defendant, while free on his own recognizance on a burglary charge, was caught burglarizing a building less than three weeks after his release. Because of the second burglary, he was indicted on two counts: (1) first degree burglary, and (2) committing a felony while free on his own recognizance. As a result of a plea bargain, he pleaded guilty to the first count—the second burglary—and agreed to be tried on the second count with the evidence limited to the grand jury minutes and the stipulation that he was free on his own recognizance at the time of the second arrest. In return, the state dismissed the charges based on the first burglary. The trial judge sentenced him to one to two years in prison for the burglary, and imposed a consecutive sentence of one to three years after finding him guilty on Count 2.

On appeal, defendant raised two questions: (1) whether the second count was a violation of the double jeopardy clause of the state and federal constitutions, and (2) whether the second count was a violation of A.R.S. § 13–1641, which provides that a conviction and sentence for a criminal act bars a subsequent prosecution for the same act.

The Fifth Amendment to the United States Constitution provides that no person shall be twice put in jeopardy *for the same offense.* This prohibition is binding upon the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Arizona Constitution, Art. 2, § 10, A.R.S., contains substantially the same language.

█ The fallacy of defendant's argument on the issue of double jeopardy is that we are not, in the instant case, dealing with *the same offense.* The first count charged him with burglary. The second

count charged him with being convicted of a *felony while free on his own recognizance*. These offenses are entirely different.

The question of whether two offenses are the same, and the criteria for resolving that question, are set out in State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (1971). There, we held that in order to constitute different offenses, no element of either offense may be an element of the other; *i. e.,* the two offenses must not contain a common element. It is quite obvious that the two offenses with which defendant was charged have no common element.

The federal courts use a different test, less favorable to the defendant. They hold that the offenses charged are not the same if each contains an element not contained in the other. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). It is, therefore, perfectly clear that *double jeopardy is not a viable defense* in this case. These matters are analyzed in 14 Arizona Law Review 513.

Defendant's second point is that the conviction and sentence under A.R.S. § 13-1580 violates A.R.S. § 13-1641 which reads:

"An act or omission which is made punishable by different sections of the laws may be punished under either, but in no event under more than one. An acquittal, or conviction and sentence under either bars a prosecution for the same act or omission under any other."

The material part of A.R.S. § 13-1580 reads:

"A person who is convicted of committing any felony offense . . . which felony offense is committed while such person is released . . . on his own recognizance on a separate felony charge, is guilty of the offense of committing a felony while released on . . . his own recognizance, and upon conviction . . . shall be punished by imprisonment . . . for not more than five years."

It is, of course, obvious that these two sections can be read as contradictory unless some sort of statutory construction is applied to them, since a person who commits a felony while free on his own recognizance, may be guilty of two felonies under § 13-1580.

We will not assume that the legislature, in enacting a statute, was unaware of an existing statute. Arizona State Board of Directors v. Phoenix Union High School Dist., 102 Ariz. 69, 424 P.2d 819 (1967). Where statutes in *pari materia* are in apparent conflict, they should be construed in harmony so as to give force and effect to each. State Land Dept. v. Tucson Rock & Sand Co., 107 Ariz. 74, 481 P.2d 867 (1971). Where a later statute does not expressly repeal a former one, they should be construed so as to give effect to each, if possible. State v. Jaastad, 43 Ariz. 458, 32 P.2d 799 (1934). When dealing with separate statutes, the court must construe them so as to give meaning to both, if possible. Finch v. State Department of Public Welfare, 80 Ariz. 226, 295 P.2d 846 (1956). The presumption is that the legislature did not intend to do a futile thing by including in a statute a provision which is nonoperative or invalid. Kelly v. Bastedo, 70 Ariz. 371, 220 P.2d 1069 (1950). Where a statute first expresses a general intent, and later an inconsistent particular intent, such particular intent will be taken as an exception to the general intent, and both will stand. Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528 (1947).

We believe the application of these rules should and does lead us to the conclusion that the legislature intended to engraft § 13-1580 onto § 13-1641 as an exception so that the two statutes should be read to mean that for one act there may be only one prosecution except when it is committed while the accused is out of jail on his own recognizance. Read in this way, neither quoted section conflicts with the other, and each is given full effect. We therefore hold that the position taken

by defendant in his second point is untenable.

Ordinarily, covering all of the points made by defendant in his appeal brief disposes of the appeal and points the way to the final disposition, unless a search of the record discloses some fundamental error not raised by defendant. We have examined the record for fundamental error and find none. However, we note that the Court of Appeals also examined the record for fundamental error and found that it existed in the form of a violation of the equal protection clause of the state and federal constitutions. The court's holding is based on the argument that A.R.S. § 13–1580 creates two classes of persons and treats them differently. The court felt that the class which has exercised its constitutional right to bail has been singled out by making it a crime for a member of that class to be convicted of a crime, while the class which has not exercised the right to bail is not so restricted. We completely disagree with this reasoning.

While it is true that the right to bail has a constitutional basis, it has always been recognized that limitations may be imposed upon it. Generally, bail is granted on condition that the defendant stay within the court's jurisdiction and that he conduct himself as a law-abiding citizen. Rule 7.3 of the new Rules of Criminal Procedure, 17 A.R.S., makes this last requirement mandatory. There has never been any doubt that these are legitimate conditions. The Court of Appeals felt that our statute has the effect of chilling the assertion of the constitutional right to bail by penalizing those who choose to exercise that right. But merely requiring that a man abide by the law is not a chilling limitation; it is a requirement that he is obligated to follow whether or not on bail, and it existed even before bail was granted.

The opinion of the Court of Appeals recognizes that it would be constitutional to *increase the punishment* for a crime committed while out on bail! We fail to

see the distinction. As a matter of fact, we have a recidivist statute, enhancing the punishment of defendants who have prior convictions, and it has never been held to be a violation of the equal protection clauses. In State v. Sanchez, 110 Ariz. 214, 516 P.2d 1226 (1973), we cited the following language of the United States Supreme Court:

"The equal protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is done without any reasonable basis, and therefore is purely arbitrary." 516 P.2d at 1229.

\*　\*　\*　\*　\*　\*

"When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted, must be assumed." 516 P.2d at 1229.

\*　\*　\*　\*　\*　\*

" 'One who assails the classification in such a law must carry the burden of showing that it does not rest on any reasonable basis, but is essentially arbitrary.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)." 516 P.2d at 1229.

It is true that, as the Court of Appeals points out, it is unconstitutional to legislate that different treatment be accorded to persons placed by statute into different classes, on the basis of criteria wholly unrelated to the objective of that statute. We see no application of that rule to this case.

The opinion of the Court of Appeals is vacated, and the judgment and sentence of the Superior Court are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.