597 P.2d 1023

The STATE of Arizona, Appellee,

v.

Michael Allen SCHULTZ, Appellant.

No. 2 CA–CR 1632.

Court of Appeals of Arizona,
Division 2.

April 24, 1979.

Rehearing Denied May 30, 1979.

Review Denied July 10, 1979.

Stephen D. Neely, Pima County Atty., by David R. Cole, Deputy County Atty., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender, by James E. Sherman, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Chief Judge.

Appellant was found guilty by a jury of fleeing from a law enforcement vehicle, A.R.S. § 28–622.01, and was fined $560 and placed on probation for one year. He challenges the sufficiency of the evidence, the adequacy of the jury instructions, the admission of evidence of another bad act, and contends the statute is unconstitutionally vague. Because we agree the state failed to prove one element of the crime, we reverse his conviction without reaching the other questions he presents.

The statute provides:

§ 28–622.01. Unlawful flight from pursuing law enforcement vehicle   .

Any driver of a motor vehicle who wilfully flees or attempts to elude a pursuing official law enforcement vehicle which is being operated in the manner described in subsection C of § 28–624 is guilty of a felony punishable by imprisonment in the state prison for not less than one year nor more than five years or by a fine of not less than one hundred dollars nor more than five thousand dollars, or both. Such law enforcement vehicle shall be appropriately marked showing it to be an official law enforcement vehicle.

Subsection C of § 28–624 deals with the use of siren and lights on authorized emergency vehicles. The court without objection instructed the jury on the elements of the crime as follows:

> The elements of the statute which you must find in order to arrive at a verdict of guilty are as follows: One, that the defendant was driving a motorvehicle, and in this case a motorcycle is a motorvehicle; two, that he willfully, three, fled, or attempted to elude, four, a pursuing official law enforcement vehicle, five, which is being operated with both lights and siren activated, and, six, that the law enforcement vehicle was appropriately marked showing it to be an official law enforcement vehicle.

There was no evidence, however, of the marking of the police vehicle involved. The pursuing officer testified that he was proceeding south on Fourth Avenue in Tucson near University Boulevard when appellant passed him on a motorcycle traveling in the opposite direction. The officer made a U-turn and followed the motorcycle north to Speedway, where appellant turned left on a yellow traffic light. The officer then activated the blinking red lights and revolving dome lights on top of his police vehicle as well as the siren and flashing headlights. He went through the intersection and followed the motorcycle west on Speedway as it changed lanes repeatedly to avoid other vehicles that were stopping as the police vehicle approached. At Sixth Avenue appellant turned right on a yellow light and the officer continued his pursuit. He testified that his speed was about 55 m. p. h. as he proceeded north and appellant was pulling away from him but appeared to lose control of the motorcycle as he started to turn left at Lester Street and came to a stop. The officer reported the chase on his police radio while following the motorcycle north on Sixth Avenue and was joined at the scene by another police officer. They were told by appellant that he had neither heard the siren nor seen the lights on the pursuing vehicle until just before he stopped.

The state argues that it may be inferred that the pursuing vehicle was appropriately marked so as to show it to be an official law enforcement vehicle from the fact that it was a police vehicle equipped with a radio, blinking red lights and a revolving yellow light, a siren, and flashing headlights. We disagree. If every police vehicle so equipped were appropriately marked within the meaning of § 28–622.01, there would be no need for the last sentence of the statute inasmuch as the operation of such lights or siren is required by the reference in the first sentence to § 28–624. It is presumed that the legislature did not intend to do a futile thing by including in a statute a provision that is non-operative. *State v. Cassius*, 110 Ariz. 485, 520 P.2d 1109 (1974).

The legislature has established as an essential element of the crime of unlawful flight from a pursuing law enforcement vehicle that the pursuing vehicle be appropriately marked. In the absence of any proof of that element appellant's conviction cannot stand.

The judgment and sentence are vacated and the trial court is ordered to enter a judgment of acquittal.

HOWARD and HATHAWAY, JJ., concur.