NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT ALFRED BERRY, *Appellant.*

No. 1 CA-CR 17-0801
FILED 2-7-2019

Appeal from the Superior Court in Mohave County
No.  S8015CR201700286
The Honorable Billy K. Sipe, Jr., Commissioner

**AFFIRMED**

COUNSEL

Office of the Attorney General, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Office of the Legal Advocate, Kingman
By Jill Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

**T H O M P S O N**, Judge:

¶1        Robert Alfred Berry (defendant) appeals from his conviction on one count of unlawful flight in violation of Arizona Revised Statutes (A.R.S.) § 28-622.01 (2018).  Defendant asserts the trial court erred in denying him new counsel.  Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

¶2        Bullhead City Police Officer Riger attempted to pull defendant over after recognizing defendant driving his yellow truck and after learning defendant's license was suspended.   The officer engaged his overhead lights and siren. Defendant, rather than pulling over, drove through stop signs and eventually into a residential neighborhood.  Due to the risk to civilians, Officer Riger stopped the pursuit.  A video camera from the police car recorded the entire interaction.

¶3        In an interview with Officer Riger, approximately six weeks later, defendant claimed he had not stopped because he believed the pursuing officer had been Officer Crawford--whom he alleges previously threatened his life.  A video was taken of the interview.

¶4        At trial, Officer Riger testified.  The video from the pursuit as well as the video from the interview were admitted as evidence.  Defendant testified on his own behalf and admitted two prior felony convictions.  He admitted fleeing from the officer but contended that he was protecting his life by evading Officer Crawford. Defendant was found guilty and sentenced to the presumptive sentence of five years. Defendant timely appealed.

DISCUSSION

**¶5**        Defendant first asserts that the trial court violated his "Sixth Amendment right to counsel by failing to hold a hearing pursuant to *State v. Torres* [,208 Ariz. 340 (2004)] and by failing to appoint alternate counsel to remedy an irreconcilable conflict."  We disagree.

**¶6**        Throughout the course of these proceedings, from pretrial to sentencing, defendant made several attempts to remove and/or replace his public defender.  Defendant asserted his counsel was "absolutely not giving 100%" and that his counsel was not helping him establish that another Bullhead Police Officer, Officer Crawford, had "put a hit" on him which was the basis for his defense.  Defendant, in part, was upset that his counsel did not pursue evidence related to the alleged threats by Officer Crawford and believed those actions meant counsel was "not doing his job." Defendant advised the court that he had contacted the FBI, Internal Affairs, and the media about the situation with the other officer.  In addition, defendant asserted his counsel was colluding with the prosecutor to get him sent to prison where he would be killed.

**¶7**        The state asserts, and we agree, that the trial court did hold a hearing on this matter on October 18, 2017, during the final trial management conference.  The court heard from defendant, his counsel, and the state on the issue.  Defense counsel explained how he had investigated all relevant information and his attempts to interview potential witnesses. The court concluded that defense counsel had "gone beyond the call of duty to effectively represent" his client and that the motion for new counsel was denied because his counsel had been "very diligent and very professional" in his representation of defendant.

**¶8**        Then, before jury selection, the trial court took up the matter of defense counsel.  Defendant asserted that he refused to work with his counsel and would represent himself at trial if the court would not approve new counsel.  After being warned about the perils of defending yourself, eventually defendant went to trial with his appointed counsel. At sentencing, the issue of counsel was once more discussed and the request for new counsel denied.

**¶9**        In *Torres*, our Supreme Court held that the trial court must hold a hearing on a defendant's colorable request for new appointed counsel.  208 Ariz. at 344, ¶¶13-14.  At that hearing the defendant bears the burden to show "a genuine irreconcilable conflict with his counsel or that there has been a total breakdown in communications."  *Id.* at 343, ¶ 8.  It has

long been the case that disagreement on tactical decisions is not cause for new counsel. *See State v. Henry*, 189 Ariz. 542, 547 (1997). Nor is the defendant "entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998) (citing *State v. Bible*, 175 Ariz. 549, 591 (1993)). To the extent that a defendant is questioning the effectiveness or "quality" of his counsel, that is an Arizona Rule of Criminal Procedure, Rule 32, matter. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

**¶10** Here, the trial court heard from defendant on at least three occasions as to why his counsel should be replaced. The trial court always concluded that defendant had not shown sufficient proof that replacement was warranted. The court found no breakdown in communication. The court stated that defense counsel had "gone beyond the call of duty to effectively represent" defendant in preparing for trial. For these reasons, we find no error.

**¶11** Next, defendant asserts there was insufficient evidence that the law enforcement vehicle was a "marked vehicle" as required by A.R.S. § 28-622.01. We review claims of insufficiency of the evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Although there was no explicit testimony that Officer Riger was driving a marked vehicle, there was sufficient circumstantial evidence in the record to support this conclusion. Defendant himself testified that he knew it was a police vehicle and that he had seen the lights and siren. The trial court noted that in the video there was a cage in the rear of the vehicle, that other vehicles gave the right of way to Officer Riger, and that visible weapons were present; thus, the "marked vehicle" could be reasonably inferred.

**¶12** As pointed out by the state, *State v. Schultz*, 123 Ariz. 120 (App. 1979), held that the "marked vehicle" requirement could not be inferred based on lights and siren alone. *Schultz* is distinguishable because in that case not only was there no evidence of a marked vehicle, but the motorcycle defendant told the officers he neither saw the lights nor heard the siren until just before he stopped. *Id.* In *State v. Nelson*, this court noted that "[t]his statute seeks to punish conduct which demonstrates that the offender has willfully chosen to create a potential danger to both life and property of others. The statute clearly punishes unreasonable conduct in resisting law enforcement activities." 146 Ariz. 246, 250 (App. 1985). In this matter, defendant freely admits the willful decision to evade a law enforcement vehicle. In *In re Joel*, 200 Ariz. 512, 514 (App. 2001) (holding vehicle need not have activated siren) this court has held some elements of

A.R.S. § 28-622.01 may be inoperable where unnecessary under the factual circumstances. *Id.* at ¶ 8.

## CONCLUSION

¶13        Defendant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA