

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDDIE CRESPIN,

          Plaintiff-Appellant,

    v.

STATE OF ARIZONA; CHARLES L.
RYAN,

          Defendants-Appellees.

No. 21-15714

D.C. No. 4:19-cv-00539-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 15, 2022
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[**] District
Judge.

    Freddie Crespin, a prisoner incarcerated by the Arizona Department of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

Corrections ("ADC"), appeals from the district court's grant of summary judgment to Defendants–Appellees under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and under Arizona's Free Exercise of Religion Act ("FERA"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. Crespin argues that the district court erred in finding that he failed to exhaust available administrative remedies, thus barring his RLUIPA claim. RLUIPA, 42 U.S.C. §§ 2000cc–cc-5, incorporates the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Fuqua v. Ryan*, 890 F.3d 838, 844 (9th Cir. 2018). Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Where, as here, a suit is governed by the PLRA, summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows a failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The prison's own requirements for grievance procedures govern the "boundaries of proper exhaustion," including the level of detail necessary. *Fuqua*, 890 F.3d at 845 (quoting *Jones*, 549 U.S. at 218).

Viewed in the light most favorable to him, Crespin did exhaust two grievances that referenced his entitlement to possess and use religious items after

ADC seized his property: Grievance No. S06-027-017 and Grievance No. S06-029-017.  But neither of these grievances included any reference to his request to possess or burn sage.  Because he did not provide the prison with adequate notice of his request to use sage as part of his religious practice, *see McCollum v. Cal. Dept. of Corr. & Rehab.* 647 F.3d 870, 876 (9th Cir. 2011), and because the grievance procedure remained available to him, even after he received a"Vexatious Grievant" disciplinary warning, Crespin failed to exhaust ADC's administrative remedies.  The district court properly dismissed his RLUIPA claim without prejudice, allowing him to file a new grievance and to exhaust his administrative remedies.  *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

2.   Because Crespin's state court suit was removed to federal court after the state court ruled on his state-law FERA claim under A.R.S. § 41-1493.01(D), we have appellate jurisdiction to review that ruling.  *See* 28 U.S.C § 1450.  Crespin argues that the state court erred in holding that the physical injury requirement of A.R.S. § 31-201.01(L) survives the later enactment of FERA.  He contends that FERA impliedly repealed § 31-201.01(L) to the extent that it prohibits prisoners from bringing a FERA claim without alleging a serious physical injury.

Under Arizona law, repeal by implication is disfavored.  *UNUM Life Ins. Co. of Am. v. Craig*, 26 P.3d 510, 516 (Ariz. 2001).  "Where a later statute does not

expressly repeal a former one, they should be construed so as to give effect to each, if possible." *State v. Cassius*, 520 P.2d 1109, 1111 (Ariz. 1974). Because there is no evidence of the Arizona legislature's express intent to repeal § 31-201.01(L) with its passage of FERA, *Cassius*, 520 P.2d at 1111, and because an implied repeal of § 31-201.01(L)'s physical injury bar is not necessary to ensure that the text of FERA, the later statute, has effect, *id.*, the Superior Court did not err in finding that Crespin's FERA claim for injunctive relief is barred for failure to allege a serious physical injury.

**AFFIRMED.**