NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHN DOE, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF REGENTS, *Defendant/Appellee*.

No. 1 CA-CV 21-0509
FILED 6-28-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2020-017426
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

---

COUNSEL

Mick Levin, P.L.C., Phoenix
By Mick Levin
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Claudia A. Collings, Rebecca A. Banes
*Counsel for Defendant/Appellee*

O'STEEN & HARRISON, PLC, Phoenix
By Johnathan V. O'Steen
*Counsel for Amicus Curiae CHILD USA*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1          John Doe appeals the dismissal of his tort action against the Arizona Board of Regents. For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          The University of Arizona, a legal subdivision of the Arizona Board of Regents ("ABOR"), administers a 4-H program for children.

¶3          Between 2005 and 2007, Doe attended a 4-H program directed by Pamela Padilla. Jose Torres assisted Padilla in the administration of the 4-H program. Torres sexually abused Doe, then a minor, before, during, and after 4-H activities.

¶4          In 2017, Doe reported the sexual abuse to the police. Torres later pled guilty to attempted sexual conduct with a minor.

¶5          On October 30, 2020, Doe served a notice of claim on ABOR. The notice of claim alleged Padilla "had actual notice of misconduct that created an unreasonable risk of sexual conduct or contact with [Doe] by [Torres]."

¶6          On December 30, 2020, Doe filed this tort action against ABOR. Doe alleged:

> "[ABOR], through [its] employees, volunteers, and/or agents, knew or otherwise had actual notice of misconduct by Jose Torres that created an unreasonable risk of sexual conduct or sexual contact with [Doe] and negligently failed to protect [Doe] . . . from sexual contact and sexual conduct with Jose Torres."

¶7          ABOR moved to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). ABOR argued: (1) Doe's action was time barred by the notice of claim statute, A.R.S. § 12-821.01; (2) even if

Doe's action was not time barred by the notice of claim statute, Doe's notice was "insufficient" to "allow ABOR to understand the basis of [Doe's] claims"; and (3) Doe's complaint failed to state a claim upon which relief could be granted.

¶8        The superior court dismissed the complaint with prejudice. Doe timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9        We review a court's grant of a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). This case involves an issue of statutory interpretation, which we also review de novo. *See Southwest Airlines Co. v. Ariz. Dep't of Revenue*, 217 Ariz. 451, 452, ¶ 6 (App. 2008).

¶10        Dismissal of a complaint is appropriate only if plaintiff "would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996).

¶11        Generally, a cause of action against a public entity must be brought within one year after the cause of action accrues. A.R.S. § 12-821; *see also* A.R.S. § 12-502 (providing a minor may bring a cause of action within one year after turning eighteen). Such cause of action must be preceded by a notice of claim that satisfies A.R.S. § 12-821.01(A).

¶12        A person with a claim against a public entity is required to serve their notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A); *see also* A.R.S. § 12-821.01(D) (providing a minor may serve a notice of claim within one hundred eighty days after turning eighteen).

¶13        A cause of action "accrues" when the plaintiff "realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B).

¶14        House Bill 2466, effective May 27, 2019, provides an exception to the general rule that an action against a public entity must be filed within one year after the cause of action accrues. 2019 Ariz. Sess. Laws, ch. 259, § 1 (1st Reg. Sess.) (codified, in part, at A.R.S. § 12-514).

¶15        Under House Bill 2466, an action for recovery of damages based on "an injury that a minor suffers as a result of another person's negligent or intentional act if that act is a cause of sexual conduct or sexual contact committed against the minor," may be commenced within twelve years after the minor reaches eighteen years of age. *Id.*

¶16        In addition to enlarging the statute of limitations for such claims, the bill revived certain civil actions arising from sexual conduct or sexual contact committed against a minor. *Id.* § 3. The bill also provided that, in certain circumstances, a revived cause of action could be brought against a person[1] who was not the perpetrator of the sexual conduct or sexual contact. *Id.* Section three provides:

> Notwithstanding any other law, a cause of action for damages . . . that involves sexual conduct or sexual contact . . . that would otherwise be time barred because of an applicable statute of limitation, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020.
>
> A cause of action revived [under] this section may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent.

¶17        The parties agree that the passage of House Bill 2466 revived Doe's claim against ABOR. The parties disagree, however, as to whether Doe was required to serve a notice of claim under A.R.S. § 12-821.01 and whether, if notice was required, Doe's notice was timely.

¶18        Doe argues that because the bill revives an action that would otherwise be time barred because of a "claim presentation deadline," he was not required to serve a notice of claim at all. We disagree.

¶19        In interpreting a statute, our goal is to discern the legislature's intent. *Knauss v. DND Neffson Co.*, 192 Ariz. 192, 199 (App.

---

[1] A person includes the "state . . . a local government unit . . . [or a] public agency." *Id.* § 1.

1997). Accordingly, we "look first to the statute's words," *id.* (quoting *In re Denton*, 190 Ariz. 152, 155 (1997)), and "adhere to the plain language of the statute, leaving any deficiencies or inequities to be corrected by the legislature," *Bowslaugh v. Bowslaugh*, 126 Ariz. 517, 519 (1979).

**¶20** House Bill 2466, effective May 27, 2019, revived causes of action that would have otherwise been time barred because of a failure to meet a claim presentation deadline, so long as those actions were commenced before December 31, 2020. 2019 Ariz. Sess. Laws, ch. 259, § 3.

**¶21** A notice of claim is a prerequisite to filing a lawsuit against a public entity. A.R.S. § 12-821.01(A); *Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 610, ¶ 7 (App. 2018). The purpose of the notice of claim statute is to "provide the entity an opportunity to investigate the claim, to assess its potential liability, to reach a settlement before litigation, and to budget and plan." *Donovan*, 244 Ariz. at 610, ¶ 7.

**¶22** Repeal of a statute by implication is disfavored. *UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, 333, ¶ 28 (2001). In fact, "[w]here a later statute does not expressly repeal a former one, they should be construed so as to give effect to each, if possible." *State v. Cassius*, 110 Ariz. 485, 487 (1974).

**¶23** Although House Bill 2466 revived causes of action that would otherwise have been time barred by a failure to meet a statute of limitation or claim presentation deadline, it did not provide an exception to or repeal the notice requirement in A.R.S. § 12-821.01(A).

**¶24** Construing House Bill 2466 and A.R.S. § 12-821.01 to give effect to both, we conclude that a plaintiff with a cause of action against a public entity revived under House Bill 2466 was still required to provide notice to the public entity. *See, e.g., Cassius*, 110 Ariz. at 487. Moreover, because our interpretation of a statute is guided by the "presumption that what the [l]egislature means, it will say," *Padilla v. Indus. Comm'n*, 113 Ariz. 104, 106 (1976), we decline to "read into a statute something which is not within the manifest intention of the legislature as indicated by the statute itself," *Town of Scottsdale v. State ex rel. Pickrell*, 98 Ariz. 382, 386 (1965).

**¶25** Doe also argues that, even if a notice of claim was required, his notice was timely because it was served before December 31, 2020. According to Doe, because the bill provides that revived causes of action may be *commenced* before December 31, 2020, a notice of claim is timely so long as it is served before December 31, 2020. We disagree.

¶26        A person with a claim against a public entity is required to serve a notice of their claim with the public entity "within one hundred eighty days after the cause of action accrues." *See* A.R.S. § 12-821.01(A). Like the requirement to provide notice, House Bill 2466 does not expressly amend the time in which to provide notice. Moreover, Doe conflates the requirement that revived actions be "commenced before December 31, 2020," with the notice requirement. 2019 Ariz. Sess. Laws, ch. 259, § 3. An action, even one against a public entity, is "commenced" by the filing of the lawsuit, not by merely providing notice of the claim. *See, e.g.,* Ariz. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

¶27        Doe's claim was revived on and accrued on May 27, 2019, the effective date of the bill. *See Greismer v. Griesmer*, 116 Ariz. 512, 512-13 (App. 1977) (holding that where alleged tort giving rise to husband's action against former wife occurred while the parties were married, cause of action did not accrue until the dissolution of marriage, since before the dissolution, husband was precluded from bringing an action by the doctrine of interspousal immunity). Doe therefore had one hundred eighty days from May 27, 2019, to serve his notice of claim on ABOR. *See* A.R.S. § 12-821.01(A). Doe failed to do so.

¶28        Because Doe failed to timely serve his notice of claim, we need not address whether the notice was sufficient or whether the complaint failed to state a claim upon which relief could be granted.

## CONCLUSION

¶29        For the foregoing reasons, we affirm the judgment of the superior court.

